11-2879-cv
Rubinow v. Boehringer Ingelheim Pharmaceuticals, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of September, two thousand twelve.

PRESENT: DENNIS JACOBS,
       <u>Chief Judge</u>,
  SUSAN L. CARNEY,
       <u>Circuit Judge</u>,
  JOHN GLEESON,
       <u>District Judge</u>.[*]

- - - - - - - - - - - - - - - - - - - - - -X
CAROL RUBINOW,
  <u>Plaintiff-Appellant</u>,

  -v.-              **11-2879-cv**

BOEHRINGER INGELHEIM PHARMACEUTICALS,
INC.,
  <u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

1

**FOR APPELLANT:** Mark P. Carey, Mark P. Carey, P.C., Southport, CT.

**FOR APPELLEES:** William J. Anthony, Holly L. Cini, Jackson Lewis LLP, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Carol Rubinow was fired from her at-will job as PR Coordinator at Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") for her volatile workplace behavior from 2004-07. She alleges claims of age discrimination under the Age Discrimination in Employment Act ("ADEA") and Connecticut Fair Employment Practices Act ("CFEPA") and intentional infliction of emotional distress ("IIED"). She appeals from the judgment of the District Court for the District of Connecticut (Underhill, <u>J.</u>) granting BIPI's motion for summary judgment on all claims. We review the district court's grant of summary judgment <u>de novo</u>. <u>In re "Agent Orange" Prod. Liab. Litig.</u>, 517 F.3d 76, 87 (2d Cir. 2008). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

[1]Summary judgment motions in age discrimination cases under the ADEA and CFEPA are decided using the <u>McDonnell Douglas</u> burden-shifting test. <u>See Hayes v. Compass Grp. USA, Inc.</u>, 343 F.Supp.2d 112, 118 n. 2 (D. Conn. 2004) (consolidating ADEA and CFEPA claims because "Connecticut law in relevant part follows the ADEA"). "Under <u>McDonnell Douglas</u>, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. If the plaintiff does so, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its action. Once such a reason is provided, the plaintiff can no longer rely on the prima facie case, but may still prevail if she can show that the employer's determination was in fact the result of discrimination." <u>Gorzynski v. JetBlue Airways Corp.</u>, 596 F.3d 93, 106 (2d Cir. 2010) (internal citations and quotations omitted).

"'[A] plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action' and not just a contributing or motivating factor." Id. (quoting Gross v. FBL Fin. Servs., 557 U.S. 167, 180 (2009)).

The only issue here is the third prong: whether BIPI's explanation for Rubinow's termination was pretext for discrimination. In order to defeat BIPI's summary judgment motion, Rubinow needed to show that "a reasonable jury could conclude by a preponderance of the evidence that [her] age was a 'but for' cause of [BIPI's] decision to fire her." Id. at 107. She did not.

Rubinow argues that the District Court applied a tougher "pretext plus" standard. That position misconstrues both the "but for" standard in Gorzynski, see id. at 105-07, as well as the district court's observation at the summary judgment hearing that Rubinow needed to proffer "more evidence than speculation." See, e.g., Hester v. BIC Corp., 225 F.3d 178, 185 (2d Cir. 2000) ("[I]n an employment discrimination action, Rule 701(b) bars lay opinion testimony that amounts to a naked speculation concerning the motivation for a defendant's adverse employment decision.").

Next, Rubinow suggests that BIPI's explanation is not credible because the allegations in her probationary Performance Improvement Plan ("PIP") were "fabricated." However, she does not fundamentally dispute the specific accounts of her insubordination which led to her termination (for example, when Rubinow asked her manager if she had "stopped taking her medication").

Rubinow argues that some favorable performance evaluations raise a genuine issue of material fact as to whether BIPI's explanation for her termination was pretext. They do not. Ms. Rubinow's isolated positive feedback for her fleeting improvement is entirely consistent with BIPI's explanation for her termination, which is that she was fired for sporadic inappropriate behavior over the course of a few years. Even viewing Rubinow's positive performance feedback "in the light most favorable to [her], there are no material inconsistencies that might cause a reasonable jury to doubt [BIPI's] explanation for [Rubinow's] discharge from employment." Dister v. Continental Grp., Inc., 859 F.2d 1108, 1116 (2d Cir. 1988).

3

Although Rubinow disagrees with the circumstances surrounding her termination, "the ADEA does not make employers liable for doing stupid or even wicked things; it makes them liable for *discriminating*, for firing people on account of their age." <u>Norton v. Sam's Club</u>, 145 F.3d 114, 120 (2d Cir. 1998). Without a nexus between her age and termination, Rubinow's evidence cannot surmount the requisite "but for" hurdle. We therefore must uphold the grant of summary judgment on her age discrimination claims.

**[2]** As to Rubinow's IIED claim, she complains that she was bothered by the "tone" used in certain workplace conversations and that she was "distraught" about negative comments she received during her performance reviews. These ordinary workplace experiences clearly do not rise to the level of being "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." <u>Reed v. Town of Branford</u>, 949 F. Supp. 87, 92 (D. Conn. 1996).

Finding no merit in Ms. Rubinow's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4